UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:91-cr-180-T-23EAJ
    8:10-cv-2649-T-23EAJ

GRAZIANO PUGLIESSE
_____/

**O R D E R**

Pugliesse's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for conspiracy to possess with intent to distribute cocaine. Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[*] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  The motion to vacate is time-barred.

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

In 1992 Pugliesse pleaded guilty pursuant to a plea agreement, but he left the country and was sentenced in abstentia to 121 months.  In 2006 Pugliesse was arrested and commenced serving his sentence.  Pugliesse admits the untimeliness of his motion to vacate but argues entitlement to equitable tolling of the one-year limitation.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a one-year limitation for filing a motion to vacate.  28 U.S.C. § 2255(f).  The limitation "is subject to equitable tolling in appropriate cases."  Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010) (applying equitable tolling to a petition for the writ of habeas corpus under 28 U.S.C. § 2254).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Accord Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.").  Pugliesse must prove both extraordinary circumstances and due diligence.

Pugliesse cites Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006), and argues that he meets the extraordinary circumstance requirement because of (1) his inability to speak or read English and (2) the lack of access to books written in Spanish or inmate law clerks who speak Spanish.  Mendoza is not the governing precedent in this circuit, in which the governing precedent is United States v. Montano, 398 F.3d 1276 (11th Cir. 2005), which rejects as justifying equitable tolling Montano's allegedly

extraordinary circumstance—that his difficulty with English precluded his timely filing a Section 2255 motion to vacate. Accord Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003). See also Brown v. United States, 318 Fed. App'x 749 (11th Cir. 2008) (Brown's illiteracy and problem communicating either verbally or with sign-language was not an extraordinary circumstance warranting equitable tolling.). As his supporting brief shows with empirical data, Pugliesse's inability to read or speak English is common within the prison systems throughout the United States. But, more importantly, Pugliesse fails to show that he exercised reasonable and due diligence in challenging his conviction. See Diaz v. Kelly, 515 F.3d 149, 154 (2nd Cir. 2008) (Requiring a "substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language deficiency."). Pugliesse fails to document any effort to rectify his situation.

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Pugliesse and close this case.

ORDERED in Tampa, Florida, on November 29, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE